IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: CHRISTOPHER M. ROBERTS, Debtor            No. 4:05-bk-40338
                                                  Ch. 7

**ORDER**

On December 27, 2006, the chapter 7 trustee filed an objection to the debtor's claim of exemption under 11 U.S.C. § 522(d)(10)(E) of three annuities in the amount of $338,195.00. According to the debtor, the annuities were exempt under § 522(d)(10)(E). The Court heard the parties' arguments on January 24, 2007, and took the matter under advisement. For the reasons stated below, the Court sustains the trustee's objection.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

**Background**

The debtor's grandmother, Elizabeth Roberts, died on August 9, 2001. In her will she left the debtor $25,000.00 plus "remaining trust property [that] shall be used to purchase an annuity or similar investment which produces the maximum monthly income in equal amounts" for the debtor and the debtor's father and brother.[1] On August 22, 2001, the debtor signed a Request For Installment Certificate and a Claimant Statement Annuity Death Claim, which apparently established two of the three annuities the debtor now

---

[1] Under the terms of Elizabeth Roberts's will, her son [the debtor's father] was to receive all of Ms. Roberts's personal and household effects not distributed pursuant to an attendant written memoranda. The remainder of her property was to "pour-over" to the Elizabeth Roberts Revocable Trust for distribution according to the provisions of her will. Apparently, the debtor received his distributions from the trust.

claims as exempt property. According to the Installment Certificates issued on January 30, 2002, one of the annuities was in the principal amount of $9701.20, payable to the debtor in quarterly installments of $78.21 for the longer of 10 years or the life of the debtor. The other annuity was in the principal amount of $87,127.39, payable to the debtor in quarterly installments of $702.39 for the longer of 10 years or the life of the debtor. A third annuity was settled on April 25, 2003, in the principal amount of $240,000.00. According to the Annuity Option Agreement, this annuity was payable to the debtor in monthly installments of $1073.36 for the longer of 20 years or the life of the debtor.

The debtor filed his bankruptcy petition on December 20, 2005, and listed the annuities on his Schedule B: Personal Property with a value of $346,000.00. Initially, he did not claim an exemption for the annuities on Schedule C: Property Claimed as Exempt. On December 26, 2006, the debtor amended his Schedule C to include the three annuities, using § 522(d)(5) to exempt $7805.00, and § 522(d)(10)(E) to exempt $338,195.00. It is the exemption claimed under § 522(d)(10)(E) to which the trustee has objected.

### Findings of fact and conclusions of law

Under the bankruptcy code, the debtor files a list of the property he claims as exempt, at which time a presumption arises in favor of the claim of exemption. According to the code, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). The trustee, as the objecting party, has the burden of proving that the debtor's claim of exemption was not properly claimed. Fed. R. Bankr. P. 4003(c). If the trustee effectively rebuts the presumption in favor of the claim of exemption, the burden of production shifts to the debtor to demonstrate his entitlement to the claimed exemption. *In re Rosen*, 318 B.R. 166, 169 (Bankr. D. Neb. 2004).

The debtor claimed an exemption for the annuities under § 522(d)(10)(E), which provides that the following may be exempted:

>(d)(10) The debtor's right to receive--

2

> (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . . .

11 U.S.C. § 522(d)(10)(E). According to the Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals, there are three separate conditions that must exist for a debtor to properly claim an income stream exempt under § 522(d)(10)(E): (1) the payments must be received pursuant to a "pension, annuity, or similar plan or contract;" (2) the payments must be "on account of illness, disability, death, age, or length of service;" and (3) the payments must be reasonably necessary for the debtor's support. *Andersen v. Ries* (*In re Andersen*), 259 B.R. 687, 691 (B.A.P. 8th Cir. 2001). To disallow the exemption, the trustee must show that one or more of the conditions do not exist.

At trial, the trustee introduced 10 documents, one of which was the Last Will and Testament of Elizabeth Roberts. Under the terms of the will, the debtor was to receive $25,000.00 from the Elizabeth Roberts Revocable Trust, plus an additional amount to be "used to purchase an annuity or similar investment which produces the maximum monthly income." This language is sufficient to rebut the presumption concerning the purpose of the annuity; specifically, whether the payments under the annuity were "on account of illness, disability, death, age, or length of service," or were merely an investment or inheritance. Accordingly, the Court finds that the trustee has met his burden and rebutted the debtor's prima facie entitlement to an exemption under § 522(d)(10)(E). The burden of production now shifts to the debtor to demonstrate that he is entitled to the claim of exemption.

There is no disagreement that the first and third conditions stated under § 522(d)(10)(E) have been met. The first condition requires that the payments must be received pursuant to an annuity or similar plan or contract. An "annuity" is a generic term defined as "an obligation to pay a stated sum, usually monthly or annually, to a stated recipient." Black's Law Dictionary 88 (7th ed. 1999); *see also Eilbert v. Pelican* (*In re Eilbert*), 162 F.3d 523, 526-27 (8th Cir. 1998). The two Installment Certificates and the Annuity

3

Option Agreement memorialize the respective life insurance companies' obligation to pay the debtor a fixed sum, either monthly or quarterly, for life.  Hence, the first condition has been met.

The third condition requires that the payments the debtor receives be reasonably necessary for the debtor's and any dependent of the debtor's support.  At the hearing, the debtor testified that he relies on the stream of income provided by the annuities, and that the income is necessary for his and his family's support and maintenance.  This testimony was not challenged or rebutted by the trustee.  Therefore, the third condition has also been met.

The second condition, that the payments be "on account of illness, disability, death, age, or length of service," requires more discussion.  An annuity, as referred to in the first condition, "describes a plan or contract to provide benefits in lieu of earnings after retirement, whether funded by the employer or purchased by the employee or the self-employed."  *Eilbert*, 162 F.3d at 527.  Although the *Eilbert* case was decided under the Iowa exemption statute, the court recognized this construction of "annuity" was "consistent with the language and purpose of the federal exemption in 11 U.S.C. § 522(d)(10)(E) . . . ."  *Id*.  In order for annuity payments to be exempt, the payments must function as wage substitutes after retirement.  *Andersen*, 259 B.R. at 690.  For those payments to be "on account of" death, the payments must be necessary for the support of surviving dependents; in other words, on account of the guardian's death.  *In re Collett*, 253 B.R. 452, 454 (Bankr. W.D. Mo. 2000).

The annuities in question in this case were not established as a wage substitute for the debtor.  Rather, they were based on the inheritance the debtor was entitled to receive according to the Last Will and Testament of Elizabeth Roberts.  Although the Court has no doubt that the income stream provided by the annuities is necessary for the maintenance and support of the debtor and his dependents, the Court is equally confident that this is not the type of "annuity" Congress intended to exempt under § 522(d)(10)(E),

4

and did not replace an income stream on which the debtor had relied prior to Elizabeth Roberts's death. Just because the gift was triggered by his grandmother's death, and took the form of three annuities, does not render the payments received as "on account of illness, disability, death, age, or length of service." Thus, the second condition has not been met.

Based on the facts before the Court, the Court finds that the annuities established for the benefit of the debtor were nothing more than an inheritance, and, as such, cannot be exempted. Although the annuities were established after the death of Elizabeth Roberts, the annuities were "on account of" the directive in the Last Will and Testament of Elizabeth Roberts to purchase the annuities as an investment device to provide a supplemental income stream for the debtor. For the reasons stated above, the Court sustains the trustee's objection to the debtor's claim of exemption under 11 U.S.C. § 522(d)(10)(E).

IT IS SO ORDERED.

February 26, 2007

DATE

RICHARD D. TAYLOR
UNITED STATES BANKRUPTCY JUDGE

cc:  Richard L. Cox
     Brian C. Wilson

5